IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

ERROL BARRINGTON SCARLETT,:

    Petitioner,                             :

vs.                                      :         CA 06-00651-KD-B

DAVID O. STREIFF,              :
et al.,

                                       :

    Respondents.

## ORDER

Petitioner has filed an objection to the Report and Recommendation (Doc. 18) in which he claims that the Magistrate Judge erred in analyzing his detention pursuant to INA §241 (8 U.S.C. §1231) instead of INA §236 (8 U.S.C. §1226). Specifically, petitioner argues that because an order has been entered by the Second Circuit staying removal pending judicial review of the administrative removal order, the removal period under INA §241 has not commenced and thus INA §241 and its interpretation by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001) are inapplicable to his request for relief. Petitioner further argues that De La Teja v. United States, 321 F.3d 1357 (11th Cir. 2003), the case cited by the Magistrate Judge in support of her order, is distinguishable from his case because De La Teja did not appeal to the Circuit Court, thus, De La Teja had entered the INA §241 removal period.

The court in De La Teja made it clear that "when a final removal order has been entered,

1

[petitioner] is no longer being detained pursuant to § 1226(c) [INA §236], which governs *only* detention prior to a final removal order." 321 F. 3d at 1363 (emphasis in original).  Moreover, the court also made it clear that the referenced "final removal order" is the final removal order of the INS, not a final judicial review order.  Id. at 1365-66 ("It is clear that an alien may not challenge a removal determination through collateral means prior to the entry of a final removal decision by the INS.")  See also, 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a <u>final order</u> under this section.") (emphasis in original).  Thus, petitioner's contention that he is subject to detention under INA §236 is without merit.

Petitioner's also contends that the removal period under INA §241 has not commenced and thus INA §241 is inapplicable.  Petitioner relies on the fact that the removal period under §241(a)(1)(B) does not commence <u>in his case</u> until judicial review is complete. The petitioner is correct that his removal period has not commenced because of his appeal, but that does not change the fact that he is being detained pursuant to INA §241.  Petitioner was detained pursuant to INA §241 as soon as his removal order was administratively final, i.e., May 9, 2006.  For approximately forty-eight (48) days, that is, until he filed his appeal with the Second Circuit on June 8, 2006, and obtained a stay on June 26, 2006, petitioner's removal clock, which was set to

the INA §241 removal period [1], was ticking.  By filing a timely appeal to the Second Circuit and obtaining a stay of the removal order the petitioner effectively reset the clock, i.e. the commencement period date, to the yet to be determined date of the Second Circuit's final order.  However, the petitioner's request for judicial review did not make INA §241 inapplicable.  To construe INA §241 otherwise would result in a petitioner moving in and out of the purview of INA §241 rules of detention based on his decision to seek judicial review.  More importantly, to adopt petitioner's construction of INA §241 would result in periods of time where there is no authority for detention, a result obviously not intended by Congress.  See INA §242(b)(8)(A),8 U.S.C. 1252(b)(8)(A)("This subsection [entitled "Requirements for review of orders of removal"] does not prevent the Attorney General, after a final order of removal has been issued, from detaining the alien under section 1231(a) [INA §241(a)]....")

Accordingly, for the reasons stated above the Court overrules petitioner's objections to the Report and Recommendation.  The recommendation of the Magistrate Judge (Doc. 18) made under 28 U.S.C. § 636(b)(l)(B) and Local Rule 72.1(c), and dated May 15, 2007 is **ADOPTED** as the opinion of this Court.

**DONE** this 18th day of July, 2007.

---

[1] As explained by the Eleventh Circuit, "[o]nce an alien has been ordered removed, the INS has ninety days in which to detain the alien and remove him. See 8 U.S.C. § 1231. This initial ninety days is known as the 'removal period'. The Attorney General has the authority to detain an alien beyond the ninety-day removal period for a number of reasons, including if the alien has been convicted of a crime of moral turpitude [or violation of controlled substance laws]. See 8 U.S.C. § 1231(a)(6), § 1227(a)(2)." Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001).  In Zadvydas v. Davis, 533 U.S. 678 (2001) the court held that the Attorney General did not have authority to hold a removable alien indefinitely but that it was presumptively reasonable for the Attorney General to detain a removable alien for six months.

        s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**